Davis, J.
The plaintiff in error, plaintiff below also, insists that he has properly brought this action against an executor on his bond under Revised Statutes,■ Section 6211, which is as follows: “Such suit may also be brought by a 'legatee, after he shall be entitled to the payment of his legacy, and by the widow, or other distributee, to recover his or her share of the personal estate, after an. order of the court ascertaining the amount due to him or her, if the executor or administrator shall neglect to pay the same when demanded.”
The oetition does not contain any averment of a demand upon the executor, unless it is contained in the allegation that he “has heretofore neglected and refused, and he now refuses, to pay and account for the same, contrary to the condition of the bond;” nor does the petition contain an averment that the amount claimed has been ascertained by an order of the court, unless it be included in a general allegation that, in settling the executor’s final account the court found in his hands a gross sum, “for distribution, which said court ordered to be distributed according to law, and according to the statute in such case made and provided.”
The statute seems to require an actual demand upon the executor or administrator, as a precedent condition to bringing an action by a legatee or *119 distributee. A mere neglect to pay an amount due to the distributee is not enough. The statute is clear that such an action is authorized when the executor or administrator neglects to pay an ascertained amount “when demanded.” In a related section (Revised Statutes, Section 6195) which provides in part the manner in which an order of distribution may be enforced, the language is still more explicit; for it declares that “if such executor, administrator or guardian shall neglect or refuse to pay * * * when demanded,” etc. The petition was therefore defective in not showing one of the jurisdictional facts, which are necessary to confer the right to sue.
Another condition precedent to the bringing of such an action is the ascertainment of the amount due to the distributee. A general finding of a balance in the hands of an executor or administrator, and an order to distribute it according to law, does not determine either the persons entitled under the law nor the amount to which each is entitled. First National Bank of Cadiz v. Beebe, 62 Ohio St., 41. Difficult, and sometimes intricate, questions arise in ascertaining who are distributees, or how and in what proportions the fund is to be distributed according to law. Accordingly the tribunals and the mode of procedure for ascertaining the amount due to the distributees, in case of doubt or contention, are provided in Revised Statutes, Sections 6195 to 6203, inclusive. An executor or administrator may, if he thinks it proper to do so, voluntarily pay out the distributive fund, trusting to be .exonerated on. his final distributive account; but he cannot be compelled *120 to do so until the claimant has established his right under the forms of the statutes. The plaintiff, therefore, has shown no right to recover in this action.
This executor filed an account of final distribution of the funds in his hands, and the same was approved, confirmed and recorded, more than four years before the commencement of this action; and the executor was thereupon discharged from the trust. By Revised Statutes, Section 6190, he and his sureties are forever exonerated, unless such account shall be impeached for fraud or manifest error. This final distributive account can only be directly attacked and opened up by a proceeding for that purpose within four years after the discovery of fraud relating to it. Revised Statutes, Section 4982. Nothing which would impeach the validity of this final account and discharge appears in the record; and therefore it alone is a sufficient defense to this action.
The judgment of the circuit court and that of the court of common pleas are

Affirmed.

Summers, C. J., Crew, Spear, Shauck and Price, JJ., concur.